IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:19-CR-00046-RJC-DSC

| | |
|---|---|
| USA | ) |
| | ) |
| v. | ) ORDER |
| | ) |
| RAMON PERRY GIVENS (2) | ) |
| | ) |

**THIS MATTER** is before the Court upon motion of the defendant for compassionate release under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018, (Doc. No. 95), and the government's response, (Doc. No. 100).

Section 603(b) of the First Step Act amended § 3582(c)(1)(A), which previously only allowed a court to reduce a term of imprisonment on motion of the Director of the Bureau of Prisons (BOP). Now a court may entertain a motion filed by a defendant: (1) after full exhaustion of all administrative rights to appeal a failure of the BOP to bring a motion on the inmate's behalf; or (2) after the lapse of 30 days from the receipt of such a request by the warden of the facility, whichever is earlier. The defendant cannot obtain relief from this Court when he has not first sought it through the warden at his facility. United States v. McCoy, 981 F.3d 271, 283 (4th Cir. 2020) (defendant required to exhaust remedies with warden before filing motion with court). This exhaustion requirement is a non-jurisdictional claim-processing rule that may be waived or forfeited by the government. United States v. Muhammad, 16 F. 4th 126, 130 (4th Cir. 2021).

Here, the government has raised the issue, (Doc. No. 100 at 4-6), and the defendant has not shown compliance with the requirements of § 3582(c)(1)(A). Therefore, he is not entitled to relief. United States v. Raia, 954 F.3d 594, 595 (3d Cir. 2020).

**IT IS, THEREFORE, ORDERED** that the defendant's motion for compassionate release, (Doc. No. 95), is **DENIED**.

The Clerk is directed to certify copies of this Order to the defendant and the United States Attorney.

Signed: July 25, 2023

Robert J. Conrad, Jr.
United States District Judge